**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In Re:                                                                         Case No. 8:18-bk-06958-CPM
                                                                                       Chapter 7
Carisa Hines,

    Debtor(s).
_____/

## MOTION FOR RELIEF FROM AUTOMATIC STAY

> NOTICE OF OPPORTUNITY TO
> OBJECT AND REQUEST FOR HEARING
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 810 N. Florida Ave., Suite 555, Tampa, FL 33602 and serve a copy on the movant's attorney, Jacob Bair, Esq., 301 W. Platt St, Tampa, FL 33606, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Creditor Cobblestone Landing Townhomes Condominium Association, Inc. (the "Association"), by and through the undersigned attorney, hereby moves this Court to grant relief from Debtor's automatic stay pursuant to 11 USC § 362(a)(1) and in support thereof states as follows:

1. The Debtor owns a piece of real property at 5385 Quarry Rock Rd Lakeland, FL (the "Property"). The Property is subject to the terms of the Governing Documents of the Association as recorded in the Official Records of Polk County, Florida (the "Declaration").

2. Pursuant to the Declaration and Florida Statutes, the Association may levy monthly assessments for maintenance of the Property and the Association and such levies constitute a lien on the Property.

3. The Association is a secured creditor within the definition in the bankruptcy code and the debt owed to the Association is a secured debt.

4. Due to the Debtor's failure to make required assessment payments, the Association filed a claim of lien and, subsequently, a foreclosure case – Pasco County Case No. 2014CA-004063 (the "Foreclosure Case").

5. The Association received a final judgment in the Foreclosure Case on July 23, 2018 in the amount of $31,355.64. The judgment included a foreclosure sale date of August 27, 2018. (Exhibit A attached.)

6. The instant bankruptcy case was filed on August 20, 2018.

7. The Debtor has indicated in her filings that she intends to enter into a reaffirmation agreement on the debt owed to the Association.

8. Because of the nature of the debt owed to the Association, a reaffirmation agreement is not available or feasible.

9. The Debtor has the option to redeem the property from the foreclosure judgment of the Association by paying the judgment amount and beginning to make ongoing monthly assessment payments.

10. The Association is seeking to enforce <u>only</u> its available *in rem* remedies against the property.

11. The Association seeks attorney's fees of $250.00 plus filing costs for the preparation and filing of this Motion and additional fees if the Motion is set for hearing.

WHEREFORE, the Association respectfully requests this Honorable Court enter an Order Grating relief from Debtor's automatic stay pursuant to 11 USCA §§ 362(d)(1) to allow the Association to seek *in rem* remedies against the Property, for reasonable attorney's fees and costs, and for any other relief this court deems just and proper or – alternatively – that this Court set the foregoing for hearing as appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via U.S. Mail and/or Email where indicated to:

Shelley K. Hogue, Esq.
Suncoast Law, LLC
150 North Orange Avenue, Suite 414C
Orlando, FL  32801
shogue@suncoast.law

and by U.S. Mail to the following:

Carolyn R. Chaney
Trustee
Post Office Box 530248
St. Petersburg, FL  33747

U.S. Trustee
Office of U.S. Trustee – TPA 7/13
Timberlake Annex, Suite 1200
501 E. Polk Street
Tampa, FL  33602

On this 22nd day of August, 2018.

    /s/ Jacob Bair
**Jacob Bair , Esq.**
Florida Bar: No. 0071437
Primary: jbair@blawgroup.com
Secondary: Service@BLawGroup.com
**Business Law Group, P.A.**
301 W. Platt St. #375
Tampa, FL 33606
(813) 379-3804
Attorney for: Creditor, Cobblestone Landing Townhomes